ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 OCT -9 P 3:00
CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| JONATHAN BERRY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-063 |
| | ) | |
| CITY OF WRENS, GA, | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On April 18, 2007, Plaintiff paid the $350.00 filing fee in the above-captioned case. As Plaintiff is proceeding *pro se*, the Court provided Plaintiff with some basic instructions regarding the development and progression of this case. (Doc. no. 5). In those instructions, the Court explained that Plaintiff is responsible for serving Defendant and explained how service could be accomplished. (Id. at 1-2). Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days to accomplish service and that the failure to accomplish service could result in dismissal of this lawsuit. (Id. at 2). When the 120 days allowed for service had elapsed, and there was no evidence in the record that Defendant had been served, the Court directed Plaintiff to show cause why his case should not be dismissed without prejudice for failure to effect service. (Doc. no. 6). Plaintiff did not respond to the Show Cause Order.

Under Fed. R. Civ. P. 4(l), "[i]f service is not waived, the person effecting service shall make proof thereof to the court." The time period for service has now elapsed, and there is neither a waiver of service nor any other proof of service in the record. As the Court explained in its September 13th Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 6, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005))). Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. City of Villa Rica, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a re-filed action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There is no evidence of either factor in this case. Furthermore, Plaintiff's utter failure to communicate with the Court regarding his inability to effect service of process upon Defendant is indicative of an abandonment of his case, rather than excusable neglect or any other reason to further extend the time for service. Indeed, since filing the above-captioned complaint, Plaintiff has taken no action in this case.

The Court has warned Plaintiff on two separate occasions that failure to effect service upon Defendant or to otherwise prosecute this action would lead to dismissal. (See doc. nos. 5 & 6). Fed. R. Civ. P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "shall dismiss the action without prejudice." Accordingly, in the absence of *any* reason to further extend the time for service, it is appropriate to recommend the dismissal of the instant case. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the case be **DISMISSED** for failure to timely effect service. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 9th day of October, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE